George H. Schneider and Homer H. Schneider, trading as G. H. Schneider & Company, Defendants in Error, v. Robert Commons, Plaintiff in Error.

Gen. No. 20,000.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed December 22, 1914.

### Statement of the Case.

George H. Schneider and Homer H. Schneider, real estate brokers, trading under the firm name of G. H. Schneider & Company, commenced a fourth-class action in the Municipal Court of Chicago against Robert Commons, defendant, to recover one hundred and fifty dollars as commissions for procuring a purchaser for defendant's premises. The case was tried before a jury, resulting in a verdict for the plaintiffs and assessing their damages at one hundred and fifty dollars, upon which verdict judgment against the defendant was entered, and he brought error.

N. M. JONES, for plaintiff in error.

HOMER H. SCHNEIDER and JONES, KERNER & POSVIC, for defendants in error; DE WITT C. JONES, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

### Abstract of the Decision.

1. BROKERS, § 90*—*when evidence shows right to compensation.* In an action by brokers for commissions for procuring a purchaser for real estate, evidence *held* to show that the plaintiffs were ver-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

122    APPELLATE COURTS OF ILLINOIS.

Voightman & Co. v. Guaranty Const. Co. et al., 190 Ill. App. 122.

bally authorized to sell the land, that they found a purchaser ready, willing and able to buy, and that the defendant refused to consummate the sale, wherefore the plaintiffs were entitled to commissions.

2. BROKERS, § 47*—*what authority necessary to sell land.* A real estate agent who procures a purchaser ready, willing and able to buy is entitled to commissions when the principal refuses to sell, even though such agent is not authorized in writing to sell and his acts are not ratified in writing.